**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:05 CR 253-030** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Karl Rease,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon defendant's Motion for Reconsideration of Federal Sentence (Doc. 556). For the following reasons, the motion is DENIED.

On June 22, 2005, a federal grand jury in the Northern District of Ohio returned a 117-count superceding indictment charging defendant, Karl Rease, and 44 others in connection with a conspiracy to possess with the intent to distribute and to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count 1). Defendant was also charged with two counts of using a telephone to facilitate a drug trafficking offense in violation of 21 U.S.C. §§ 843(b) (Counts 42 and 44).

On August 11, 2005, defendant entered into a written plea agreement wherein

1

defendant pleaded guilty to conspiracy to possess with intent to distribute at least 500 grams, but less than two kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (Count 1).

On November 22, 2005, this Court sentenced defendant to 46 months imprisonment, followed by four years of supervised release and ordered him to pay a $100 special assessment. Consistent with the terms of the plea agreement, this Court also dismissed Counts 42 and 44 of the superseding indictment.

Under the terms of his plea agreement, defendant waived his right to appeal his conviction and sentence. He also waived his right to "challenge the conviction or sentence collaterally through a post-conviction proceeding." (Doc. 273 at 6).

Defendant did not appeal his conviction or sentence, and has not filed a § 2255 petition. This matter is now before the Court upon defendant's Motion for Reconsideration of Federal Sentence.

**Discussion**

Defendant seeks a modification to his sentence.  He states that his motion is brought pursuant to the Federal Rules of Criminal Procedure, but does not identify a particular rule. As acknowledged by plaintiff, Fed.R.Crim.P.35 is the only rule permitting the reduction of a sentence.  This Court, however, does not have jurisdiction under either subpart of Rule 35. The seven-day period following sentencing has long passed for correcting arithmetical, technical, or other clear error.  Fed.R.Crim.P.35(a).  Nor has the government moved for a reduction in defendant's sentence.  Fed.R.Crim.P.35(b).

Moreover, even assuming that defendant's motion was timely under

Fed.R.Crim.P.35(a), defendant fails to identify any arithmetical, technical, or other clear error justifying correction. Therefore, there is no basis to grant the motion under this Rule. As the Sixth Circuit has recognized, "The authority conferred by Rule 35(a) to a district court is extremely limited." *U.S. v. Arroyo*, 434 F.3d 835 (6th Cir. 2006) (citations omitted) Further, "The rule is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence ... [or] used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines." *Id*.

Defendant does not point to any other statute or rule authorizing this Court to amend his sentence.

**Conclusion**

For the foregoing reasons, defendant's Motion for Reconsideration of Federal Sentence is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/19/07